## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

2025 DEC 11  P 3: 00

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**GREGORY KELLY AND
ANNETTE B. KELLY**
*Plaintiffs .*

**v.**                                          2:25-cv-00979-ECM-KFP

**City of Birmingham Regional Water Works, d/b/a, the
Central Alabama Water ( CAW) Board**
**Tommy Hudson**, individually and in his capacity  as
chairman of the CAW Board
**Phillip Wiedmeyer** individually and in his capacity  as  vice Chairman
of the CAW Board
**David Standridge** individually and in his capacity  as CAW Board  member
**Jarvis Patton** individually and in his capacity  as
CAW Board  member
**Sheila Tyson** individually and in his capacity  as
CAW Board  member
**Jeff Brumlow** individually and in his capacity  as
CAW Board  member
**Tommy Hudson** individually and in his capacity  as CAW Board  member
**Bill Morris** individually and in his capacity
as CAW Board  member
**Jeffrey Thompson** individually and in his capacity  as
CEO of CAW
**Mac Underwood**, individually and in his capacity  as
CAW General Manager.
**ALABAMA DEPARTMENT OF PUBLIC HEALTH**
**d/b/a** Alabama Department of Public Health (ADPH)
**ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT**
**d/b/a** Alabama Department of  Environmental  Management ( ADEM)
**ARCADIS ENGINEERING  SERVICES** d/b/a Arcadis Engineering
Services  and f/k/a  Malcolm Pirnie Environmental Engineering
*Defendants*

1

## COMPLAINT  AND JURY TRIAL DEMANDED

**COMES NOW**, the Plaintiffs file this civil claim against the  **Defendant**

Central Alabama Water (**CWA Defendants** ) and  **Defendants** Tommy

Hudson, Phillip Wiedmeyer ; David Standridge ;  Jarvis Patton;  Sheila Tyson;

Jeff Brumlow; Tommy Hudson ; Bill Morris;  Jeffrey Thompson  and Mac

Underwood; **collectively known as  the (CWA Defendants**); The  Plaintiffs

seek relief under  the RICO Act ,  VICAR Act and under 42 U.S.C 51981,

1982, 1983,  1985 of the Civil Rights Act Laws and Wire fraud (18 U.S.C §

1343 ) , Mail  fraud,(U.S.C. § 1341) ,  Computer fraud (18 U.S.C § 1030 ) and

Healthcare fraud (18 U.S.C. § 1347) , Honest Service  frauds  and  violations

under  the Fourteenth Amendment's Equal Protection Clause and  violation

arising under various state laws , but not limited to  negligent hiring, retention

and negligent  supervision losses  caused by  the  Defendants employees

and contract workers misrepresent themselves by lying on  job resumes  and

on job interviews  as university  degreed  engineers  and environmental

scientists , and  using fake engineering seals when employees  and contract

workers knew or should have known that that they did  not  have the proper

skill sets as  junior  college graduate  where  ISTC  tech college is exclusively

for   incarcerated persons  in the Alabama prison system.

2

## JURISDICTION

**1.**   The Jurisdiction in this Honorable Court is posted under the provisions of 28

U.S.C 1331 and 28 U.S.C, 1343 because it involves the civil rights of the Plaintiffs and

because it involves questions of Federal Law.

**2.**   Venue is proper in the Middle  District of Alabama  Northern  Division pursuant to

28 U.S.C. § 1391(b) because all  the Defendants reside in the District, a substantial part

of the events or omissions giving rise to the claims occurred in this District, and the

Defendants principal place of business are  in Montgomery, AL  and  in  the Middle

District of Alabama.

## I.    PARTIES

**3.**   **The Plaintiff, Gregory Kelly**, is a Black male, over the age of sixty-five   (65)

years, and at all times relevant hereto was a resident of Montgomery County, AL, which

is encompassed in the area of the U.S District Court for the Middle District of Alabama,

Northern Division.

**4.**   **The Plaintiff, Annette B. Kelly,  resides  in Montgomery, AL, and the  Plaintiff**

**is** over sixty-five (65) years old,  and at all times relevant hereto was a resident of

Montgomery County, AL, which is encompassed in the area of the U.S District Court for

The Middle District of Alabama, Northern Division.

3

**5.**    **The Defendant, City of Birmingham Regional Water Works**, d/b/a Central

Alabama Water **(the "CAW "),** f/k/a  the Water Works Board of City of Birmingham

**(the "BWWB"),** is an Alabama public corporation incorporated and existing pursuant to

Ala. Code §§ 11-50-230 et seq (1975) as supplemented by Ala. Code §§11-50-300 et. seq

(1975. The Birmingham Water Works, founded in 1951, currently serves close

to 770,000 people within Jefferson, Shelby, Blount, St. Clair, and Walker counties.

**6.**    The Court may exercise personal jurisdiction over Defendant

**Defendant,  Tommy Hudson**, individually and in his capacity  as chairman of

the CAW Board because the acts and omissions giving rise to Plaintiffs' claims

took place in the  State of Alabama.

**7.**    The Court may exercise personal jurisdiction over Defendant

**Defendant,  Phillip Wiedmeyer,**  individually and in his capacity  as  vice

Chairman because the acts and omissions giving rise to Plaintiffs' claims took

place in the  State of Alabama .

**8.**    The Court may exercise personal jurisdiction over Defendant

**Defendant,  David Standridge,**  individually and in his capacity  as CAW

Board  member  because the acts and omissions given rise to Plaintiffs' claims

took place in the  State of Alabama.

4

**9.**    The Court may exercise personal jurisdiction over Defendant

**Defendant, Jarvis Patton,** individually and in his capacity as CAW

Board member because the acts and omissions given rise to Plaintiffs' claims

took place in the State of Alabama .

**10.**    The Court may exercise personal jurisdiction over Defendant

**Defendant, Jeff Brumlow,** individually and in his capacity as CAW

Board member because the acts and omissions given rise to Plaintiffs' claims

took place in the State of Alabama .

**11.**    The Court may exercise personal jurisdiction over Defendant

**Defendant, Tommy Hudson,** individually and in his capacity as CAW

Board member because the acts and omissions given rise to Plaintiffs' claims

took place in the State of Alabama.

**12.**    The Court may exercise personal jurisdiction over Defendant

**Defendant Bill Morris** individually and in his capacity as CAW

Board member because the acts and omissions given rise to Plaintiffs' claims

took place in the State of Alabama .

**13.**    The Court may exercise personal jurisdiction over Defendant

**Defendant, Jeffrey Thompson** individually and in his capacity as CEO of

the CAW General Manager because the acts and omissions given rise to

Plaintiffs' claims took place in the State of Alabama.

**14.** The Court may exercise personal jurisdiction over Defendant

**Defendant, Mac Underwood**, individually and in his capacity as

CAW General Manager because the acts and omissions given rise to Plaintiffs'

claims took place in the State of Alabama .

**15.** **The Court may exercise personal jurisdiction over Defendant,**

**ADPH Defendant,** because the acts and omissions given rise to Plaintiffs'

claims took place in the State of Alabama .

**16.** The Court may exercise personal jurisdiction over Defendant**, ADEM**

**Defendant**), because the acts and omissions giving rise to Plaintiffs' claims

took place in the State of Alabama .

**17.** The Court may exercise personal jurisdiction over **Defendant Arcadis -**

**Engineering f/k/a Malcolm Pirnie**, because the acts and omissions giving

rise to Plaintiffs' claims took place in the State of Alabama.

## II.    FACTUAL ALLEGATIONS ABOUT THE WATER WORKS BOARD OF THE CITY OF BIRMINGHAM

**18.    In 2025 the Alabama State Legislature passed Act of Alabama 2025-**

**297 reorganizing the BWWB as a "regional authority**," which assumed

ownership and management of the utility, renamed the City of Birmingham

Regional Water Works and rebranded as Central Alabama Water.

6

**19.**   But   the mostly Black Democrats and members of the BWWB say the bill wrongly takes control that should remain with Birmingham. They claim that  more than 90% of BWWB's customers live in Jefferson County, and more than 40% live in Birmingham.

**20.**   Jefferson County's drinking water system overhaul involves major modernization, governance changes for the Birmingham Water Works (BWW) by a new state-backed board, and significant infrastructure upgrades, including new SCADA systems, meter replacements, and dam repairs, with substantial federal funding and new management aiming to improve efficiency, billing, and service quality after past issues and bankruptcies, particularly addressing aging pipes and operational concerns

**21.**   The  CWA Defendants  have  received  $171 million dollars from  the U.S EPA's WIFIA  loan program  to  modernizing  the city  of Birmingham's drinking water infrastructure

**22.**   In 2014 , ex -BWWB supervisor was convicted of crafting an overtime rigging scheme. That scandal set off a chain of legal, political, and internal actions that continues to impact the utility.

**23.**   The  CWA Defendants  have failed  to fully  investigate a  copper theft ring involving Birmingham Water Works staff

7

**24.**    The  CWA Defendants  have also failed    trying to stop retirees from improperly claiming to be independent contractors so they can draw a paycheck and their pensions at the same time.

**25.**    In the  mid- 1999s,  the Jefferson County water crisis reached  a tipping point due to  major public health issues stemming from a failing sewer system that discharged raw sewage into local rivers and streams, which served as a source of drinking water for the region. The resulting legal and financial turmoil led to the county's historic 2011 bankruptcy

**26.**    Jefferson County water crisis has been marked by decades of underfunded infrastructure, unreliable water pressure, unpotable drinking water, and unaffordable water bills.

**27.**    During the same period, the population in  Jefferson County decreased sharply and shifted from having a slight white majority to being predominantly black.

**28.**    The  mostly   white CAW Defendants  will mostly  keep with  decade old state polices  of refusing  to provide the residents of Jefferson County with adequate funds for its water infrastructure, and  knowingly and intentionally enacted and administered  covert and overt procedures to keep federal relief funds out of Jefferson County reach.

8

**29.** Said actions have denied equal protection under the law to the majority-
Black residents of Jefferson County in violation of the Fourteenth
Amendment of the U.S. Constitution.

### A. The CAW Defendants negligently dispatching ex-Felons and Prison Gang members for Exterior Water Service Line Plumbing Services

**30.** The CAW Defendants made more than $850,000 in commissions and
fees from these HomeServe Exterior Water Service Line Coverage policies in
2022, and new exclusion make these policies worthless.

**31.** The CAW Defendants hid and concealed information about The
CAW Defendants secretly agreed to dispatch convicted felons, and Army
type contract killers and Mafia type as hit men to their political enemies
homes as trusted HVAC/R and plumbing contractors.

**32.** The CAW Defendants in these corporate partnerships are also
dispatching undocumented aliens and convicted felons to CAW customers
and clients home and business as trusted home warranty contractor.

**33.** The CAW Defendants partnership with HomeServe is fraught with
fraud and loopholes to prevent pay-outs for insurance claims .

**34.** At the core of the fraud and abuse claim issues is a new exclusion
clause added to the HWC policies which **denied insurance coverage for
lines with a pressure of more than 30 pounds per square inch (PSI).**

9

**35.**    The   CAW Defendants  typical water pressure coming into homes in

the service area often exceeds 100 PSI, meaning many, if not most, customers

would not be covered in the event of a claim.

### B. The CAW Defendants Using  Flawed Wireless Water Meters  when Modernizing  the Drinking Water Infrastructure System with Federal Funds

**36.**    In 2024 in efforts address inaccurate meter readings from estimation,

and  water leaks ,   the  CAW Defendants implemented  a new  integrated

AMI  and IT Infrastructure  smarter water metering   program with capital

expenditures of $119,328,050  for meter replacement project

**37.**    The   CAW Defendants have sent  more  $7 million to rebuild its dying

computer system where  data transmission glitches, leading to wildly

inaccurate, often much higher, bills, despite utility claims of accuracy.

**38.**    The   CAW Defendants  common issues include misreading usage

and a water leak led to a $20K bill for an Alabama couple.

**39.**    The CAW Defendants  are  currently evaluating  upgrades to utility

software   system because  coding errors  by  in the Defendants' billing

software prevented accurate water usage data.

**40.**    Upon information and belief ,  the  CAW Defendants   new software

upgrades  filed  to address  Copyright  and database rights in database schema

billing systems to prevent theft of PII customers' data

41.    Before the hostile takeover of the BWWB, the state racially
discriminated against Jefferson County resident by delaying  and denying
ADEC federal funds meant for the improvement for the Jefferson County
drinking water  and wastewater systems

### C. The New CAW Board Members Grossly Indifference to Health Hazards Caused by Toxic Chemicals in Jefferson County Drinking Water

42.    Toxic AFFF, PFAS, and PFOA chemicals have been identified as a
statewide problem and the U.S EPA agency has allocated $52.6 million
dedicated to removing these toxic chemical contaminants from Alabama's
rural and underserved communities

43.    The Jefferson County Commission, which oversees the sewer service
for county residents, is/was unaware of the AFFF, PFAS, and PFOA
Chemicals contamination in county drinking water

44.    Despite these undisputed scientific truths and undeniable
environmental facts , the new CAW Members nonscientific members
are "**grossly indifference**" **and "deliberately ignorant**" to the health
hazards caused by these AFFF, PFAS, and PFOA toxic chemicals in
Jefferson County Drinking Wate.

45.    Due to these anti-science views and beliefs by the new CAW
Members, 10s of 1000s of Black and Brown residents of Jefferson County
are being slowly poisoned by AFFF, PFAS, and PFOA toxic chemicals

released in Jefferson County Drinking Water as a result of the CAW

Defendants' conscience-shocking conduct and deliberate indifference.

**46.** Plaintiffs assert claims and allocations for personal injuries based on

the CAW Defendants' and state actors for deprivation of Black citizens

rights to bodily integrity protected by the Due Process Clause of the

Fourteenth Amendment to the United States Constitution.

**47.** The Plaintiffs also assert claims against the ADEM and ADPH state

agencies for professional and simple negligence in exacerbating the

catastrophic, preventable, and ongoing public health crisis.

### D. The CAW Defendants have colluded with more than 458 State Actors in a Gag Order to prevent the Plaintiffs from reporting health hazards accounting frauds and financial malfeasance by the CAW Defendants

**48.** **On April 23, 2025,** Plaintiff Gregory Kelly was slapped with a gag

order to prevent him from talking about the state's "Slave mentality" public

polices and the state's high-rate sexual misconduct, the state's high rate of

MH/AUD, MH/OUD and MH/SUD addiction illness and the state's high

incarnation rate of innocence Black individuals. (**EX #1**)

**49.** Plaintiff Gregory Kelly was also slapped with a gag order to prevent

him from talking ANOT state actors were **"ONLY"** interested in collection

of the state's Simplified Sellers Use Tax (SSUT) from predators on gaming

platforms and **"NOT PROSECUTING and SUING"** young children

targeted by predators on Roblox, Minecraft, or Discord for Enterprise

members, players and participants

**50.**     Due to these state 'sponsored environmental crimes against Black

Jefferson County residents , the Government of the state of California has

renamed   **Gov. Kay Ivey as "Krazy' Kay Ivey.** "

**51.**     But nevertheless , Gov. Kay Ivey signed Senate Bill 330 which

restructured the BWWB removing the mostly Black members and replacing

them with mostly new white board members.

**52.     Since January 31, 2017, due to the Plaintiffs disclosure of RICO**

**Act and Hobb Act crimes ,**   the Plaintiffs have lost employment

opportunities   for   the following CAW jobs listed below: **(EX #2)**

a) BWWB CEMG Chief Engineering Manager 12-9-2025
b) BWWB Sr Elec/Principal Engineering 12-9-2025
c) BWWB Chief Engineering Manager: 11-18-2025
d) BWWB Engineering Sr Civil : 11-18-2025
e) BWWB Engineering Sr Purification : 11-18-2025
f) BWWB Superintendent Land Administration/ Enviromnatal : 11-18-2025
g) BWWB Business Analyst/ Project Management : 2-20-2025
h) BWWB Manager Purchasing : 1-6-2025
i) BWWB Sr. Elec/ Principal Engineer : 8-7-2024
j) BWWB Manager Purchasing: 8-7-2024

**53.** **On November 21, 2025** , Plaintiff Gregory Kelly filed a Federal EEOC complaint seeking the right to sue the CAW Defendants and their employers for violations under federal and state laws. (**EX #3**)

**54.** The Plaintiffs have alleged that the RICO Act and the anti-trust laws will allows the Plaintiffs to jointly charge a group of people acting in concert when their crimes were in support of a common objective. (**EX #4**)

**55.** In this instance , quip quo fraud between Trey Glenn, the ex-Director ADEM from 2005 to 2009, his business partner Scott Phillips, who chaired the AEMC Commission where both men were indicted on state ethics charges in 2018, accused of using their positions for personal gain

**56.** During his time as ADEM director, Trey Glenn approved invoices for Malcolm Pirnie, an engineering firm that employed Phillips as a director, while a candidate to lead ADEM.

**57.** **Since the mid-1990s,** the CAW Defendants, and the ADEM directors and AEMC Commission members the with Arcadis Engineering Services have operated fraudulent contractor schemes involving water board employees, and phony and employee contractors with no mailing address where political dark money was laundered through shell business owned and controlled by Malcolm Pirnie Engineering Firm , thus the Plaintiffs seek relief under the following actions against the CWA Defendants:

## COUNT 1: FEDERAL CAUSE OF ACTION
## Monopolization (Section 2 of the Sherman Act, 15 U.S.C. 2)
## (Against the CWA  Defendants)

**58.**    The CAW Defendants and the CAW Defendants employees and agents

are  conspiring   in predatory and anticompetitive conduct, which threatened

competition in the marketplace.

**59.**    The CAW Defendants    monopoly power resulted in high water prices

and  price-fixing conspiracy amongst horizontal competitors.

**60.**    The  CAW Defendants     anticompetitive conduct, acts and actions

have enabled the CAW  Defendants  to leverage their monopoly power in

Jefferson County, AL

**61.**    As a direct result of  CAW Defendants   monopolistic conduct,

Jefferson County, AL  residents  have suffered, and will continue to suffer,

injuries of the type of antitrust laws violation which were intended to prevent,

among other things, paying ultra-high prices for  clear water services.

**62.**    Due  to   the Plaintiffs' antitrust complaints against the  CAW

Defendants ,  and their employees and agents, the Plaintiffs have been injured

by their business or property  in violation of the Sherman Act for  filing

antitrust complaints  about Jefferson County, AL  residents  having to pay

ultra- high prices for  clear water services.

## COUNT 2: FEDERAL CAUSE OF ACTION
## Attempted Monopolization (Section 2 of the Sherman Act, 15 U.S.C. 2)
## (Against the CAW Defendants)

**63.** The CAW Defendants , and the CAW Defendants employees and

agents have attempted to leverage power in by and through

anticompetitive policies and anti-incentive terms for clear water services in

Jefferson County, AL.

**64.** There is a dangerous probability that the CAW Defendants by and

through partnership will state officals will be successful in their attempt to

monopolize clear water services market in Jefferson County, AL.

**65.** The Plaintiffs were injured by the CAW Defendants , and the CAW

Defendants employees and agents predatory clear water polices, practices

and customs in violation of the Sherman Act by causing Jefferson County,

AL residents to pay supercompetitive prices for clear water services in and

around Jefferson County, AL.

**66.** Due to the Plaintiffs' RICO Act and antitrust complaints against the

CAW Defendants and more than 458 state agencies , the Plaintiffs have

suffered economic harm and personal injuries, for filing complaints under

Section 2 of the Sherman Act, 15 U.S.C. 2) anticompetitive and monopolistic

conduct actions and conducts as stated above by the CAW Defendants and

the CWA Defendants employees and agents

16

## COUNT 3 FEDERAL CAUSE OF ACTION
### Price Fixing (Section 1 of the Sherman Act, 15 U.S.C. 1)
### (Against the CAW  Defendants)

**67.**    The CAW  Defendants  have  conspired  in anticompetitive actions, acts and conduct  to artificially fix, raise, rig and manipulate  clear water services in  and around Jefferson County, AL.

**68.**    But for the conduct, acts  and actions  alleged herein,   the  CAW Defendants   would have  horizontal competitors in the  clear water service in  and around Jefferson County, AL, and neighboring geographic markets.

**69.**    Such anti- competition  conducts  and overcharges for  water service are the type of injury that the antitrust laws were designed to prevent, and they were the direct result of the combination and conspiracy alleged herein.

**70.**    The Plaintiffs  have been injured  for accessing the  CAW  Defendants forcing Black   and poor residents in  and around Jefferson County, AL, and neighboring geographic markets into   paying high prices for clear  and wastewater services, due to price fixing activities  which  constitute violations under the Sherman Act , 15 U.S.C. 1).

17

## COUNT 4: FEDERAL CAUSE OF ACTION
## 42 U.S.C. § 1983 –FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE TO SERIOUS HEALTH AND SAFETY NEEDS
## ( Against the CAW  Defendants)

**71.**    After discovering  the CAW  water system was constantly delivering unacceptably  clean drink water  due  to toxic contaminants,  the  CWA Defendants  and their employees ignored the risks, dangers, dangerous situations, or being made more vulnerable to increased risk of harm.

**72.**    The CAW Defendants  conspired with others to deliberately indifference  serious  medical needs  and the delays and denials  of emergency services and actions  to prevent additional  exposure to cancer-causing chemicals  and agents  in the Defendants water system

**73.**    **As a result, t**he CAW Defendants are deliberately indifference about these cancer-causing agents  in the Defendants water  system,   increasing the cancer rates , mortality rates,  sepsis infection rates  and other waterborne illness infection rates  among Jefferson County   Black residents who are  consistently higher than for other racial groups.

## COUNT 5: FEDERAL CAUSE OF ACTION
## ENVIRONMENTAL FRAUD AND TOXIC TORT CRIMES
### (Against the CAW Defendants)

**74.** At all times relevant to this litigation, the CAW Defendants owed a

fiduciary duty to Jefferson County Black residents, and this fiduciary duty

includes preventing exposure to cancer-causing PFAS, PCE, TCE and DCE

chemicals in the county tap and ground water which has caused serious health

problems to Jefferson County Black residents more than 770K residents.

**75.** The exact amount to be proven at trial, arising out of the CAW

Defendants environmental frauds and Poisonous Chemicals and toxic

asbestos exposure crimes which have caused harm and injuries to the

Jefferson County Black residents and more than 670K Jefferson County

residents and business owners.

## COUNT 6: FEDERAL CAUSE OF ACTION
## UNJUST ENRICHMENT FROM ENVIRONMENTAL FRAUD
### (Against the CAW Defendants)

**76.** The CAW Defendants owed a legal duty to their water and wastewater

customers not to unfairly or unduly exploit and take advantage of water and

wastewater clients and residents' ignorance about water and wastewater

matters.

77.    The CA Defendants  violated the environmental , safety and health laws

by receiving ill-gotten and windfall astronomical profits from participating in

environmental frauds and state sanctioned toxic tort crimes against mostly

Jefferson County    Black residents

**78.    In this alleged RICO Act "Polluting-for- Profit Crimes**, it is

undisputed that the CAW Defendants  and  CAW Defendants  employees,

principles and agents attempted to financially harm mostly Jefferson County

Black residents

**79.    In these  alleged "Polluting-for- Profit Crimes**, the CAW

Defendants and  CWA Defendants  employees, principles and agents sought to

unjustly enriched themselves by fraudulently placing defected and flawed Wi-

Fi smart water meters on more than 770K customers to receive ill -gotten

financial profits from participating in state sanctioned environmental frauds

and toxic tort crimes against Jefferson County, AL  residents.

**80.**    At all relevant times, the CAW Defendants alleged conduct prevent

recovery of medical expenses ( present and future ") after  the Defendants'

defected and flawed AMI  smart water meters exposed Jefferson County, AL

residents  to cancer-causing RF emissions.

**81.**    In state sanctioned environmental frauds and environmental toxic tort crimes, the Plaintiffs claim  that the CAW  Defendants defected and flawed Wi-Fi smart water meters exposed more than 770K Jefferson County, AL residents to cancer-causing RF emissions.

**82.**    The Defendants' defected and AMI  smart water meters exposed cancer-causing RF emissions were the actual and proximate cause of injuries and harm to  sick young children , and pregnant women and elderly and disabled persons in Jefferson County, AL.

**83.**    Such serious and harmful errors, blunders, and omissions allowed to the CWA  Defendants and the CWA Defendants AMI and AMR contractors to be unjustly enriched from participating in felony environmental crimes

**84.**    As a proximate result of the CAW  Defendants and the CAW Defendants AMI and AMR contractors alleged RICO Act criminal acts  and unjustly enriched schemes,  harmed  and grieved  individuals   such as  to  sick young children , and pregnant women and elderly and disabled persons in Jefferson County,  AL are entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief.

**85.** Due to the CAW Defendants and the CAW Defendants AMI and AMR contractors reprisal acts against the Plaintiffs for exposing these environmental frauds and toxic tort crimes against mostly poor and Black and Brown Jefferson County, AL residents, the Plaintiffs are entitled to an award of attorney fees and others costs against the CAW Defendants . The exact amount for such errors, blunders, and omissions to be proven at trial.

### COUNT 7: FEDERAL CAUSE OF ACTION
### UNJUST ENRICHMENT FROM USCIS H-2B VISA FRAUDS
### (Against the CAW Defendants)

**86.** At all times relevant to this litigation , the CAW Defendants and the CAW Defendants' vendors by and through a pattern racketeering and USCIS H-2B visa frauds have been receiving windfall and astronomical profits from participating in criminally organized labor and human trafficking which created a serious threat to public safety

**87.** The CAW Defendants participate in criminal acts by and through employing , hiring and contracting with smart meter system contractors who have committed H-B2 visa frauds by recruiting , employing and training an increasing number of illegal aliens and foreign nations and prison inmates that include mechanical, electrical, and software engineers and programmers.

22

**88.** The CAW Defendants and AMR and AMI smart meter system

contractors hired and employed **illegal aliens and foreign nations and prison**

**inmates** that includes mechanical, electrical, and software engineers and

programmers in a RICO Act laboring racketeering schemes to suppress and

reduce the wages and benefits of U.S workers such as HBCU university

graduates mechanical, electrical, and software engineers and programmers

**89.** As a proximate result of the CAW Defendants' conduct, actions and

acts , the Plaintiffs are entitled to actual damages, compensatory damages,

punitive damages, injunctive relief, any combination of those, or any other

appropriate relief. The exact amount for such errors, blunders, and omissions

to be proven at trial.

### COUNT 8: FEDERAL CAUSE OF ACTION
### RICO ACT HUMAN TRAFFICKING CRIMES
### Codified in Title 18, Sections 1961–1968 (18 U.S.C. §§ 1961–1968)
### (Against the CAW Defendants)

**90.** Due to these forced labor schemes and exposing these inhuman business

practices by the CAW Defendants, the Plaintiffs are entitled to actual

damage, compensatory damages, punitive damages, injunctive relief, any

combination of those, or any other appropriate relief.

**91.** The exact amount to be proven at trial, arising out of the Defendants

environmental toxic tort crimes which have caused injuries and harm to sick

young children , and pregnant women and elderly and disabled persons in

Jefferson County, AL and the Plaintiffs.

## COUNT 9: FEDERAL CAUSE OF ACTION
### RICO ACT CRIMES BY A PATTERN OF RACKETEETING
### Codified at 18 U.S.C. §§ 1961-1968, -at least two "Predicate Acts"
### (Against the CAW Defendants)

**92.** The CAW Defendants are each an enterprise within the meaning of 18

U.S.C. § 1961(4).

**93.** The CAW Defendants racketeering conspiracy acts , including the

concealment and cover up force labor human trafficking crimes.

**94.** As a result of the CA Defendants' outrageous conduct, the Plaintiffs

have suffered injury to their good name and loss property rights in their

county and city job(s) and the Defendants' retaliatory blacklisting crimes

have caused the Plaintiffs humiliation ,pain and suffering , and the Plaintiffs

have lost generational wealth due to the CAW Defendants' retaliatory

blacklisting crimes.

24

### COUNT 10: FEDERAL CAUSE OF ACTION RICO ACT CRIMES BY A PATTERN OF RACKETEETING CAUSED INJURIES TO THE PLAINTIFF (Against the CAW Defendants) )

**95.** At all relevant times, the CAW Defendants alleged outrageous conduct and reckless disregard of the rights, safety and interests of the Plaintiffs property rights in their county and city job( s) and financial interests, of Plaintiffs, and the CAW Defendants pattern of racketeering caused damage to the Plaintiffs.

**96.** As a result, the CAW Defendants pattern of racketeering which harmed and injured the Plaintiffs, and the Plaintiffs are entitled to all damages associated with injuries to their business or property, treble damages, attorney's fees, disgorgement of profits, and other equitable.

### COUNT 11:FEDERAL CAUSE OF ACTION CONSPIRACY UNDER 31 U.S.C 3729 (Against the CAW Defendants)

**97.** The CAW Defendants in concert with their principles, agents , employees and government contractors, did agree to attest, confirm, tender and submit false claims and fraudulent attestations described herein to the U.S Government , and U.S Government in fact paid those false claims.

25

**98.** The CAW Defendants  in concert with their principles, agents and employees acted by and through the conduct described supra, with the intent to defraud the U.S. Government by submitting false claims and records to get paid.

**99.** The Plaintiffs seek judgement in their  favor on behalf of the U .S Government against the  Defendants in an amount equal to treble damages sustained by reason of the Defendants conduct.

**100.** The  CAW Defendants  conduct and their principles, agents, and employees with civil penalties as permitted by 31 U.S.C. §§ 3729, attorney's fees, costs, interest, and such other further, or different relief to which the Plaintiff -Realtor may be entitled.

## COUNT 12: FEDERAL CAUSE OF ACTION
### Violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589
### (Against  the CAW  Defendants )

**101.** The TVPA  provides a private cause of action against anyone who "knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means  knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means …." 18 U.S.C. §1589(b).

26

**102.** The CAW Defendants  knowingly obtained, provided, and financially benefited from the labor or services of marginalized individuals  by means of force, threats of force, physical restraint, economic duress, and threats of physical harm

**103.** As a result,  the CAW Defendants' discriminatory and arbitrary, capricious, and unauthorized denial of lawful , the Plaintiffs are entitled to all damages associated with injuries to their  business or property, treble damages, attorney's fees, disgorgement of profits, and other equitable.

## COUNT 13: FEDERAL CAUSE OF ACTION
### VIOLATIONS  UNDER TITLE III OF THE ADA ACT
### (Discrimination when Receiving Federal  Funds, 42 U.S.C. § 12131)
### (Against  the CAW Defendants )

**104.** The Plaintiffs are  persons with a disability within the meaning of 42 U.S.C. § 12182 because they  have  impairments, that substantially limits the major life activities of performing manual tasks.

**105.** As a result of the CAW  Defendants' and Defendants' employees discriminatory conduct ,acts and actions under the Title III of the ADA, 42 U.S.C. § 12182,  the Plaintiffs have  suffered and continues to suffer harms, including emotional distress, mental anguish,  frustration, and humiliation.

## COUNT 14: FEDERAL CAUSE OF ACTION
## VIOLATIONS  UNDER TITLE III OF THE ADA ACT
### (Discrimination when Receiving Federal  Funds, 42 U.S.C. § 12131)
### (Against  the CAW Defendants )

**106.**  The Plaintiffs are  persons with a disability within the meaning of 42

U.S.C. § 12182 because they  have  impairments, that substantially limits the

major life activities of performing manual tasks.

**107.**  As a result of the CAW   Defendants  and  the Defendants employees

discriminatory actions, acts  and conduct under the Title III of the ADA, 42

U.S.C. § 12182,  the Plaintiffs have  suffered and continues to suffer harms,

including emotional distress, mental anguish, pain and suffering, frustration,

and humiliation.

## COUNT 15: FEDERAL CAUSE OF ACTION
## VIOLATIONS  UNDER TITLE II OF THE ADA ACT
### (Discrimination when Receiving Federal  Funds, 42 U.S.C. § 12131)
### (Against  the CWA  Defendants )

**108.**  The conduct, and actions  of the CAW Defendants  received and /or

receiving  federal funds, in intentionally taking   averse actions against the

Plaintiffs as  survivors  and victims   of hate crimes and GBV (gender-based

violence) cruelty crimes constitute   disability discrimination in violation  of

Title II   of  the ADA Discrimination Act, 42 U.S.C. § 12131.

## COUNT 16: FEDERAL CAUSE OF ACTION
## VIOLATIONS  UNDER TITLE I OF THE ADA ACT
## TITLE I  ADA Act ( Employment  Discrimination 42 U.S.C. § 12111)
## (Against  the CWA Defendants )

**109.**   Under Title I of the ADA  Accessibility,  Disability  and Mobility  Acts

laws , the Plaintiffs are  qualified individuals with disabilities in job

application procedures, hiring, firing,  compensation, job training, and other

terms, conditions, and privileges of employment.

**110.**   The conduct  and actions of the  CAW Defendants as entities received

and /or receiving federal funds, in discrimination against the Plaintiffs because

of his physical, mental and sensory  disabilities constitute unlawful

discrimination under Title I of the ADA  Act, codified in  42 U.S.C. § 12111.

## COUNT 17: FEDERAL CAUSE OF ACTION
## SECTION §508  OF THE REHAB ACT (29 U.S.C.§794d)
## (Against  the CAW Defendants )

**111.**   Section 508 of the Rehab Act  applies to websites, software, hardware,

and digital content like PDFs and videos, requiring adherence to technical

standards set by  the W3C Web WCAG 2.0.

**112.**   The   CAW Defendants have violated  Section §508  of the Rehab  Act

when the Defendants failed to mail and send water bills and other  notices in

an accessibility  and readable  format, **such as   bold  and large text format**

**(14pt bold or 18pt regular).**

**113.** The conduct and acts and actions of the CAW Defendants as entities received and /or receiving federal funds constitute unlawful discrimination acts against the Plaintiffs in violation of Section §508 of the Rehab Act of 1973, 29 U.S.C.§794d.

## COUNT 18: FEDERAL CAUSE OF ACTION
### SECTION § 504 OF THE REHAB ACT (29 U.S.C.§794)
### (Against the CAW Defendants )

**114.** The conduct, actions and inactions of the CAW Defendants as entities who have received and /or receiving federal funds, in discrimination against the Plaintiffs because of their disabilities and/or perceived disabilities constitute unlawful discrimination in violation of Section §504 of the Rehab Act of 1973, 29 U.S.C.§794.

## COUNT 19: FEDERAL CAUSE OF ACTION
### TITLE VI RACIAL DISCRIMINATION (42 U.S.C. §§2000d, et,seq.)
### (Against the CAW Defendants )

**115.** The actions of the CAW Defendants , an entity received and /or receiving federal funds, in taking averse actions against the Plaintiffs survivors victims of hate crimes motivated by sex, race, color, disabilities and GBV (gender-based violence) crimes constitute unlawful racial discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C §§2000d, et, seq.

30

**116.**   As a result of the  CAW Defendants  actions,   acts  and conduct under

42 U.S.C §§2000d, et, seq. of the Title VI Civil Rights Act  1964,   the

Plaintiffs have   suffered and continues to suffer harm, including mental

anguish, pain and suffering, frustration, and humiliation.

## COUNT 20:  FEDERAL CAUSE OF ACTION
## RACIAL DISCRIMINATION UNDER 42 U.S.C. 1981
### (Against  the CAW Defendants )

**117.**   The CAW Defendants   have violated 42 U.S.C. §§ 1981by denying

and canceling the Plaintiff's implied  employment contract   , who is a U.S

Black  U.S Citizens, the  rights to enter into business  contracts.

**118.**   The  CAW Defendants    are in violation of 42 U.S.C. 1981, the

Plaintiffs pray for actual damages, equitable, and recovery of costs and against

the Defendants for violations under 42 U.S.C. 1981.

## COUNT  21: FEDERAL CAUSE OF ACTION
## DENIAL OF EQUAL PROTECTION CLAUSE
### ( 14th Amendment and U.S Constitution Violations )
### (Against the CA Defendants )

**119.**   The Plaintiffs, on account of their race and color and disabilities, were

treated differently from the  CAW Defendants   , similarly situated white

employees and/or  ex-employees  , and the Plaintiffs were  denied equal

protection of the law.

**120.** The CWA Defendants' white employees were not subject to strict scrutiny and intrusive conduct due to their race, color, age, sex ID, abuse status and being survivors of GBV motivated hate crimes and acts of malicious vandalism.

**121.** The CWA Defendants treated the Plaintiffs differently from similarly situated white employees and formal state employees by denying the Plaintiffs equal protection of the law.

**122.** Thus, the CAW Defendants are liable for race and ethnicity discrimination acts and for violations arising under the Equal Protection Clause of the Fourteenth Amendment to the U.S Constitution.

## COUNT 22:FEDERAL CAUSE OF ACTION
## DEPRIVATION OF RIGHT UNDER THE COLOR OF LAW
### ( Title 18, U.S.C Sections 242 )
### (Against the CAW Defendants )

**123.** The CAW Defendants' and more than 458 state agencies acting under color of any law to willfully deprive the Plaintiffs of a right or privilege protected by the Constitution or laws of the United States.

**124.** The CAW Defendants' acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected to the Plaintiffs to different punishments, pains, or penalties, on account of the Plaintiffs color and/ or race.

32

**125.** Thus, the CAW Defendants are liable for race and ethnicity

discrimination acts and for violations under Title 18, U.S.C Sections 242

for depriving the Plaintiffs of their constitutional rights under federal law.

## COUNT 23: FEDERAL CAUSE OF ACTION
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS – BODILY INTEGRITY

**126.** The Plaintiffs have a clearly established fundamental right under the

substantive due process clause of the Fourteenth Amendment to the United

States Constitution to bodily integrity.

**127.** The conduct of CAW Defendants, all while acting under color of law,

endangered and/or threatened Plaintiffs' fundamental liberty interest to bodily

integrity as guaranteed by the Due Process Clause of the Fourteenth

Amendment to the United States Constitution.

**128.** The CAW Defendants were aware that their conduct could result in the

deprivation of Plaintiffs' fundamental due process rights to bodily integrity.

**129.** The CAW Defendants deliberately and knowingly breached the

constitutionally protected bodily integrity of Plaintiffs by creating and

perpetuating the ongoing exposure to contaminated water, with deliberate

indifference to the known risks of harm which said exposure would, and did,

cause to Plaintiffs.

**130.** The CAW Defendants deliberately and knowingly breached the constitutionally protected bodily integrity of Plaintiffs by denying and obstructing Plaintiffs' access to safe drinking water.

**131.** The CAW Defendants had the opportunity to reflect and deliberate before they acted and/or failed to act.

**132.** As a direct and proximate result of the unconstitutional acts of Defendants as alleged in this Complaint, Plaintiffs have suffered violations of the Plaintiffs' fundamental right to bodily integrity, property and liberty interests, including, but not limited to:

    i.    Serious and in some cases life-threatening and irreversible bodily injury;

    ii.    Substantial economic losses from medical expenses, lost wages, lost income, lost business profits, reduced property values, among others;

    iii.    Pain and suffering;

    iv.    Embarrassment, outrage, mental anguish, fear and mortification, and stress related physical symptoms.

**133.** The conduct of the CAW Defendants was both reckless and outrageous, entitling Plaintiffs to an award of punitive damages, as well as costs and reasonable attorney fees, pursuant to 42 U.S.C. §1988.

## COUNT 24: FEDERAL CAUSE OF ACTION
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT SUBSTANTIVE
## DUE PROCESS – STATE CREATED DANGER,  DANGER
## SITUATION AND RISK OF HARM BY PERSONS ACTING
## UNDER  THE  COLOR  OF  STATE LAW

**134.** Plaintiffs have a clearly established right under the substantive due process clause of the Fourteenth Amendment to the United States Constitution to be protected from risks, dangers, dangerous situations, or being made more vulnerable to increased risk of harms, affirmatively created and/or caused by persons acting under color of state law.

**135.** The  CAW Defendants, while acting under color of state law, affirmatively created or exacerbated the dangers and dangerous situations to which Plaintiffs were exposed, making Plaintiffs more vulnerable to said dangers, and these Defendants did so with an extreme degree of culpability.

**136.** The  CAW Defendants, while acting under color of state law, affirmatively continued, increased and perpetuated the dangers, risks of harm and dangerous situations creating the public health crisis, when they deliberately and affirmatively denied, lied about, covered up, deceived, discredited and ignored said known dangers and risks of harm to which they exposed Plaintiffs making Plaintiffs more vulnerable to said dangers.

**137.** The CAW Defendants were aware that their conduct could result in the deprivation of Plaintiffs' due process rights to be protected from the dangers, dangerous situations, or being made more vulnerable to the dangers affirmatively created and perpetuated by them.

**138.** The CAW Defendants conduct was reckless, deliberately indifferent and/or so outrageous to shock the conscience, such that it was culpable in the extreme, insofar as these Defendants knew of and disregarded the substantial risk of serious harm to Plaintiffs.

**139.** The dangers and risks of harm were discreet and special to Plaintiffs, and Black Jefferson County water utility ratepayers and Black Jefferson County water users and not risks affecting the public at large.

**140.** The dangers and risks of harm to Plaintiffs for reporting and disclosing information about Black Jefferson County water users from lack of access to water and ongoing exposure to water poisonous toxins and contaminants which were created and perpetuated by the CAW Defendants were so extreme as to be equivalent to private acts of violence visited upon them.

**141.** These inactions, actions and acts of the CAW Defendants constituted affirmative acts that caused and/or substantially increased the risks of physical, emotional and economic harm to Plaintiffs.

**142.**  As a direct and proximate result of the unconstitutional acts of

Defendants as alleged herein, Plaintiffs have suffered violations of Plaintiffs'

fundamental rights to bodily integrity, property and liberty interests, including,

but not limited to:

a)  Serious and in some cases life-threatening and irreversible bodily
    injury;

b)  Substantial economic losses from medical expenses, lost wages, lost
    income, lost business profits, reduced property values, among others;

c)  Pain and suffering;

d)  Embarrassment, outrage, mental anguish, fear and mortification, and
    stress related physical symptoms.

**143.**  The conduct  and actions and acts of CAW Defendants   and their

employees   and contractors  and agents  were  reckless and outrageous,

entitling  the  Plaintiffs to an award of punitive damages, as well as costs and

reasonable attorney fees, pursuant to 42 U.S.C. §1988

## COUNT 25: FEDERAL CAUSE OF ACTION
## Title 18, U.S.C., Section 245 - Federally Protected Activities
## (Against the CAW Defendants )

**144.** The CAW Defendants' and more than 458 state agencies willfully

interfering with the Plaintiff's' participation in specific "federally protected

activities" through force or threats, motivated by race, color, religion, or

national origin.

**145.** The CAW Defendants willfully interfere with the Plaintiff's' seeking

employment and contracting opportunities , and a traveler or user of any

facility of interstate commerce or common carrier on the account of the

Plaintiff's' race, color, religion, or national origin.

**146.** The CAW Defendants and more than 458 state agencies unlawful

conduct, actions and acts constitute discrimination under federal law and

Title 18, U.S.C., Section 245 - Federally Protected Activities.

## COUNT 26: FEDERAL CAUSE OF ACTION
## Violations of the Supremacy Clause, of the U.S. Constitution
## found in Article VI, Clause 2 of the U.S. Constitution
## (Against the CAW Defendants )

**147.** The CAW Defendants are using, employing the old, outdated and

racist and bias and discriminatory state laws to usurp federal law which

constitute violations under the Supremacy Clause in Article VI of the U.S.

Constitution, a principle known as federal preemption.

38

**148.** The CAW Defendants reckless actions and wantonness conduct under the Supremacy Clause in Article VI of the U.S. Constitution, the Plaintiffs are entitled to all damages associated with the injuries and damage to the Plaintiffs business property, and tangible and intangible property rights **with treble (3x) damages**, attorney's fees, disgorgement of profits, and other equitable relief.

### COUNT 27: FEDERAL CAUSE OF ACTION
### INA ACT i -9 AND E-VERIFY Document Abuse
### (Against the CWA Defendants )

**149.** The CAW Defendants **ONLY ACCEPTED** certain state issued DLNs and certain issued state ID cards **"DID NOT"** qualify as a document to be used as **"proof of citizenship,** " and/or **"proof of immigration" and/or "proof of residential"** statues per the state's 2025 SB-63/SB-53 and 2011 HB-56/HB-658 law requirements.

**150.** The CAW Defendants are rejecting ITINs numbers, **and "ONLY ACCEPTING" Federal SSNs, certain state issued DLNs, and certain state issued IDs cards** for business contacts, which constitute INA Act Citizenship status discrimination.

**151.** The CAW Defendants are liable for the Plaintiffs' personal injuries, financial harm and other economic damages for discrimination actions for immigration-related businesses contracting policies.

## COUNT 28: FEDERAL CAUSE OF ACTION
## SUPPRESSION, FRAUD AND DECEIT CLAIMS
### (Against   the CAW Defendants )

**152.**  Under  the  US EPA federal fund Program,  the CAW Defendants

misrepresented and suppressed  the facts these federal funds were misdirected

for personal use by  the Defendants.

**153.**  Due to negligent hiring, retention and promotion employment policies

,  proper  financial  and bookkeeping activities were  really virtually non-

existent due to  sloppy acceptable accounting principles, primarily because

there's no one trained or experienced in those principles related to proper

use  of  federal funds and monies

**154.**  Defendants  fraudulent actions and acts  described above resulted in

games to U.S Government and  the Plaintiffs' as U.S Taxpayers equal to the

amount paid by U.S Government and  the Plaintiffs' as U.S Taxpayers as result

the  Defendants  fraudulent claims, and  together with the cost of resources

diverted as a result of the  Defendants  deceitful   and  criminal conduct.

## COUNT 29:  FEDERAL CAUSE OF ACTION
### VIOLATIONS of 18 U.S.C. § 1343 CLAIMS
#### (Conspiring in  Wire Frauds  via the Internet,  TV, Radio , Emails or Cell Phone Calls which constitute violation of 18 U.S.C. § 1343.
#### (Against   the CAW Defendants )

**155.**  The CAW Defendants    committed violations    under 18 U.S.C. § 1343

and wire fraud by sending  false US -EPA  documents,  reports and  invoices

by using interstate  wire, internet , telephone  and/or cell phone

communication systems  to execute a scheme to defraud.

**156.**  The  CAW Defendants and   their  phony contractors filed reports via

emails, cell phone, telephone calls and internet communication systems which

constitute violation of 18 U.S.C. § 1343.

## COUNT 30: FEDERAL CAUSE OF ACTION
### VIOLATIONS of 18 U.S.C. § 1341 CLAIMS
#### (Conspiring in  Mail Frauds  by and   through use of U.S mail system )
#### (Against   the CAW Defendants )

**157.**  The CAW Defendants and   their  phony contractors sent  and received

false  reports, documents   and  billing invoices  by and through the U.S mail

system which constitute violation of 18 U.S.C. § 1341.

**158.**  Thus, the CAW Defendants  and   their  phony contractors  have

committed frauds by and   through use of the  U.S mail system which

constitute violation of 18 U.S.C. § 1341( wire fraud).

## COUNT 31: FEDERAL CAUSE OF ACTION
## VIOLATIONS OF 18 U.S.C. § 1030 (Computer Trespassing Fraud)
## (Against   the CAW Defendants )

**159.**  The   Plaintiffs aver   that  the CFAA Act  and   ECPA Act data privacy

and security   laws  **apply to smart meter data**, potentially requiring law

enforcement to obtain warrants for access to this sensitive information, but its

application is complicated by the third-party doctrine and the private nature of

utility companies.

**160.**  The CAW Defendants  and Enterprise members  were snooping and

spying on the Plaintiffs' smart utility meters, cell phones   and  smart  cars

looking  for incriminating  evidence against the  Plaintiffs to smear and

besmirch the   Plaintiffs' good name.

**161.**   Thus, the   CAW Defendants  have committed   computer  frauds which

constitute violation of 18 U.S.C. § 1030 which  caused the Plaintiffs to suffer

harm, injures   and financial damage.

## COUNT 32: FEDERAL CAUSE OF ACTION
## VIOLATIONS OF ECPA ACT U.S. Code at 18 U.S.C. §§ 2510 et seq
## (Against   the CWA Defendants )

**162.**   The   Plaintiffs claim the ECPA  Act which  protests and safeguards

electronic communications from unauthorized interception and access,

covering emails, texts, and calls and other electronic communications

connected  to the U.S internet systems.

**163.** The Plaintiffs also aver that the CFAA targets computer system intrusions, whereas the ECPA addresses communication privacy; both provide legal recourse for violations and are foundational laws for cybercrime and data privacy.

**164.** Due to CAW Defendants and Enterprise members , players and participants snooping, spying and surveilling , monitoring, and eavesdropping on the Plaintiffs' **smart utility meters, and cell phone records**, the Defendants acts and actions constitute violations the ECPA Act codified in the **U.S. Code at 18 U.S.C. §§ 2510 et seq.,**

**COUNT 33: FEDERAL CAUSE OF ACTION**
**VIOLATIONS OF 18 U.S.C. § 1346 ( HONEST SERVICE FRAUD)**
**(Against the CWA Defendants )**

**165.** The CAW Defendants have committed multiple acts of honest services fraud as described under federal statute 18 U.S.C. 1346.

**166.** The CAW Defendants and the Defendants' business associate's honest services fraud schemes which caused the Plaintiffs to suffer harm, injures and financial damage.

## COUNT 34: FEDERAL CAUSE OF ACTION
### Title III CONSUMER CREDIT PROTECTION ACT VIOLATIONS
### Refusing to hire and/or rehire due to Bankruptcy Court Filings
### (Against the CAW Defendants )

**167.** Due to the CAW Defendants' violations under Title III of the CCPA

Act and Section 525 of the U.S. Bankruptcy Code, the Plaintiff suffered

employment discrimination since 1998 due to U.S. Bankruptcy filings

**168.** As a result of the CAW Defendants' reckless actions and wantonness

conduct, the Plaintiffs are entitled to all damages associated with injuries and

damage to the Plaintiffs business property, and tangible and intangible

rights **with treble (3x) damages**, attorney's fees, disgorgement of profits, and

other equitable relief

## COUNT 35: FEDERAL CAUSE OF ACTION
### WILLFUL AND DELIBERATE NONCOMPLIANCE WITH
### FCRA ACT 15 U.S.C §§ 1684b(c),1681n
### (Against the CAW Defendants )

**169.** The CAW Defendants have failed to conduct a proper investigation

and send correct information or delete the inaccurate information on the

Plaintiffs employees background check reports from third-party entities

such as motor vehicle report (MVR) and CRA agencies.

**170.** The CAW Defendants also failed to delete disputed unverified

information from employees' background checks such as motor vehicle report

(MVR) and CRA agencies and other third-party entities.

44

**171.**    The Defendants actions described above constitute willful violations within the statutory meaning of the FCRA Act   15 U.S.C §§ 1684b(c),1681n .

**172.**    The CAW Defendants abusive actions, acts and conduct constitute a pattern and practice of violations under the    FCRA Act   15 U.S.C §§ 1684b(c),1681n violations have caused Plaintiffs to suffer harm, injures  and financial damages.

## COUNT 36: FEDERAL CAUSE OF ACTION
## NELIGENT NONCOMPLIANCE WITH  FCRA ACT
## 15 U.S.C §§ 1684b(c), 1684o
## (Against   the CAW Defendants )

**173.**    The CAW Defendants have violated sections 1681b(c) and 1681o of the FCRA Act by sharing, selling, trading, and distributing the Plaintiffs' consumer report information to others without prior consent and permission from the Plaintiffs.

**174.**    The CAW Defendants and more than 458 state agencies   wantonness actions and acts constitute negligent and non-compliance  violations  under Sections 1681b(c) and 1681o of the FCRA Act.

**175.**    The Defendants and more than 458 state agencies   'breach of their duties caused finance harm to the Plaintiffs and the Plaintiffs privacy interest protected by the FCRA Act.

45

**176.** The Defendants and more than 458 state agencies    pattern of violation under the FCRA Act sections 1681b(c) and 1681o have caused the Plaintiffs to suffer financial damages.

**177.** The Plaintiffs were hit with a malicious SLAPP lawsuit for  exposing the Defendants deceitful and criminal conduct such as sharing, selling, trading and distributing the Plaintiffs' consumer report data  to others without prior consent and permission from the Plaintiffs.

**178.** The  Defendants' definition of a state trade secret under the state  is ambiguous,  unclear and vague includes "all forms and types of financial, business, scientific, technical, economic, or engineering information," computer software,  computer data bases  an  to others without prior consent and permission from the Plaintiffs.

**179.** The  Defendants' and more than 458 state agencies  textbook example of a trade secret is the formula for Coca-Cola, or the Colonel's secret recipe for Kentucky Fried Chicken.

**180.** The  DTSA immunizes the Plaintiffs  for disclosures of trade secrets made "in confidence" to federal, state, or local officials, or to an attorney, for the purpose of reporting or investigating a suspected violation of law, or in legal document.

## COUNT 37: FEDERAL CAUSE OF ACTION
## REPORTING GROSS MISMANGEMENT AND LAW VIOLATIONS
### Reporting Gross Mismanagement Activities 5 U.S.C. § 1213
### ( Against All the Defendants )

**181.  Due to disclosure of the federal fund frauds ,**  the Plaintiffs have

suffered and continue to suffer harms for violations of law, a pattern of gross

mismanagement, fraud, waste and abuse of federal funds and federal grant

monies and loans by the CAW Defendants.

**182.**  As a result of the CAW Defendants and more than 458 state agencies

discriminatory conduct under Section 5 U.S.C. § 1213, the Plaintiffs have

suffered lost income, and suffered emotional distress, mental anguish, pain

and suffering, frustration , and humiliation.

## COUNT 38: STATE CAUSE OF ACTION
## GUARANTEED RIGHTS TO PROSECUTE CIVIL ACTIONS
### ( Violations of Section 10 of the Alabama Constitution of 1901)
### ( Against the CAW Defendants )

**183.**  The Plaintiffs aver that Section 10 of the Alabama Constitution of 1901

provides that a person has the right, "by himself or counsel," to prosecute or

defend "any civil cause to which he is a party."

**184.**  The Plaintiffs have suffered emotional pain due to the Defendants'

unlawful conduct, acts and actions under Section 10 of the Alabama

Constitution of 1901,  which caused the Plaintiffs to seek medical attention

and to expend funds for medical treatment.

## COUNT 39: STATE  CAUSE OF ACTION
## AL-ADEA DISCRIMINATION IN EMPLOYMENT
### Ala Code 25-1-21 (AL-ADEA)
### ( Against   the CAW Defendants )

**185.**   The Plaintiffs aver  Alabama Code Section 25-1-21 prohibits employers

from discriminating against workers 40 years of age or older in hiring, job

retention, compensation, or other employment conditions.

**186.**   As a result of the Defendants' discriminatory conduct under Alabama

Code Section 25-1-21 ,  the Plaintiffs have  suffered and continue to suffer

harm, including lost income, lost benefits, economic and non-economic losses,

emotional distress, mental anguish, pain and suffering, frustration, and

humiliation.

## COUNT 40: STATE CAUSE OF ACTION
## BLACKLISTING TO PREVENT A PERSON FROM RECEIVING
## EMPLOYMENT FROM WHOMSOEVER THEY DESIRE
### ( Against  All  the  Defendants )

**187.**   Despite  enactment of a new Alabama state constitutional  in 2022

which banned racist words and discriminatory   language,  the Defendants

continue to use the state racist, old and outdated, and laws such as Chapter

670-X-9 ( Disqualification of Applicants) rules where the SPD Director may

refuse to certify any eligible on a register due  to undefined and ambitious

CIMT and GMC felony offenses.

**188.**    The CAW Defendants and more than 458 state agencies  egregious

conduct toward the Plaintiff, as described herein, was outrageous and extreme

because a reasonable person would not expect or tolerate blacklisting abuse

**for more than twenty (25) years.**

## COUNT 41: STATE CAUSE OF ACTION
## VIOLATION OF THE STATE EMPLOYMENT  PROTECTION ACT (State Employment Protection Act, Ala. Code §36-26A-1 et seq. (2012) (Against   All the Defendants )

**189.**    As a result of the Defendants'  discriminatory conduct , acts and actions

under Alabama Code Section 25-1-21 ,  the Plaintiffs have  suffered and

continued to suffer harm and injuries , including lost income, lost benefits,

economic and non-economic losses, and emotional distress.

## COUNT 42: STATE CAUSE OF ACTION
## VIOLATION OF THE STATE CHILD LABOR LAWS
## ( Reprisal Act  for Opposing Child Labor Abuses   Ala. Code § 25-8-57 ( Against   Alll the Defendants )

**190.**    The  CAW Defendants' and more than 458 state agencies  have

retaliated against the Plaintiffs for  reporting  and opposing child labor law

violations such as child sex trafficking crimes.

**191.** As a result of the Defendants' discriminatory conduct under Ala. Code §

25-8-57 , the Plaintiffs have  suffered and continue to suffer harm, including

lost income, lost benefits, economic and non-economic losses, and emotional

distress, mental anguish, pain and suffering, frustration, and humiliation.

## COUNT 43: STATE CAUSE OF ACTION
## EQUAL PAY ACT   Ala. Code § 25-5-11.1
### (Against  All  the Defendants )

**192.** The  Defendants  and more than 458 state agencies  have violated

Alabama's Equal Pay Act (CFEPA) prohibits employers from paying

employees of different races or sexes less than others for equal work within

the same establishment, **effective September 1, 2019.**

**193.** As a result of the Defendants' and more than 458 state agencies

discriminatory conduct under Ala. Code § 25-5-11.1,  the Plaintiffs have

suffered and continue to suffer harm, including lost income, lost benefits,

economic and non-economic losses, and emotional distress, mental anguish,

pain and suffering, frustration, and humiliation.

## COUNT 44: STATE CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### ( Against  All the  Defendants )

**194.**  The   Defendants and more than 458 state agencies and their business associates conduct, and actions constitute intentional infliction of emotional distress on the Plaintiffs that was malicious.

**195.**  The Defendants and more than 458 state agencies and their business associates acted willfully, maliciously, recklessly  toward the Plaintiffs, as victims  and survivors of  hate crimes  and GBV cruelty acts, actions  and offenses.

**196.**  The Defendants actions and acts were intended to cause personal harm and economical injuries   to the Plaintiffs.

**197.**  The Plaintiffs have suffered severe emotional distress as a direct result of the Defendants and more than 458 state agencies  unlawful conduct, acts, actions and  lawless crimes.

## COUNT 45: FEDERAL CAUSE OF ACTION
## TORT  INVASION OF   PRIVACY
### (Against  All  the Defendants )

**198.**  The Defendants intrusion into  the  Plaintiffs personal life and private affairs  without just cause.

**199.** Due to the Defendants unlawful conduct described above , the Plaintiffs have suffered financial and economic harm and physical pain , mental and emotional injuries, and the Plaintiffs will continue to suffer physical pain , mental and emotional injuries due to the Defendants unlawful intrusive acts and actions

## COUNT 46: STATE CAUSE OF ACTION
## GROSS NEGLIGENCE AND WANTONNESS
## (Against All Defendants)

**200.** The Defendants' reckless and wantonness actions were the proximately acts which caused the Plaintiffs to suffer and continue to suffer physical pain , mental and emotional injuries and illness and damage which constitute gross negligence and wantonness actions.

## COUNT 47: STATE CAUSE OF ACTION
## NEGLIGENCE ACTS
## (Against All the Defendants)

**201.** The Defendants have breached their duty of care causing the Plaintiffs to suffer physical pain , mental and emotional injuries, and harm to the Plaintiffs which constitute negligence

### COUNT 48: STATE CAUSE OF ACTION
### WANTONNESS CONDUCT
### (Against All the Defendants)

**202.** On multiple occasions , the actions and inactions of the Defendants

by breaching their duty of care the Conspirator Defendants owed to the

Plaintiffs caused the Plaintiffs to suffer physical pain , and illness which

constituted wantonness acts

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs pray that the jury

will award them, based on the facts and circumstances of this case, an amount of money

to adequately compensate the Plaintiffs and to sufficiently punish the Defendants so as to

deter such action in the future.

**Respectfully Submitted December 11 of 2025.**

By: _____
    12·11·2025

**Gregory Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com

By: _____
    12/11/2025

**Annette B. Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com