IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   CASE NO. 2:25-cv-979-ECM |
| | )            [WO] |
| CITY OF BIRMINGHAM REGIONAL | ) |
| WATER WORKS, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**O R D E R**

On May 21, 2025, the Court declared Gregory Kelly a vexatious litigant "as a consequence of Kelly's vexatious filing of shotgun pleadings" and further ordered that "in the event [Gregory] Kelly files a shotgun pleading in the future, after appropriate review, the Court will summarily dismiss the pleading and action without prejudice." (Doc. 52 at 2 in *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (M.D. Ala.)). On September 12, 2025, Gregory Kelly and Annette B. Kelly (collectively, the "Kellys"), proceeding *pro se*, filed a civil action in this Court which the Court found to be a shotgun pleading. (*See* docs. 1, 5 in *Kelly v. Montgomery Real Estate, LLC, et al.*, 2:25-cv-733-MHT-JTA (M.D. Ala.)). On September 17, 2025, the Court warned Annette B. Kelly that, "should she join in any other shotgun complaint filed by Gregory Kelly in this or any other action, the action may be summarily dismissed without prejudice and without further opportunity to amend." (Doc. 5 at 7 in *Kelly v. Montgomery Real Estate, LLC, et al.*, 2:25-cv-733-MHT-JTA (M.D. Ala.)) (emphasis omitted). Thereafter, the

Kellys filed another *pro se* civil action which the Court found to be a shotgun pleading and summarily dismissed without prejudice on November 17, 2025. (*See* docs. 1, 3 in *Kelly et al. v. City of Montgomery Mayor's Off. et al.*, 2:25-cv-889-ECM-SMD (M.D. Ala.)).

On December 11, 2025, the Kellys filed this *pro se* civil action against thirteen Defendants, most of which are affiliated with the Central Alabama Water Board (the "Board"). (Doc. 1). The Kellys sue, for example, Board members, the Board chairman, and the Board vice chairman in their individual and official capacities. In the fifty-three-page complaint, the Kellys assert forty-eight claims against most or all of the Defendants, including federal claims under Section 2 of the Sherman Act, 15 U.S.C. § 2; the Americans with Disabilities Act ("ADA"); and other federal statutes; and various Alabama state law claims.[1] For the reasons explained below, the Court concludes that the complaint is a shotgun pleading and therefore this case is due to be dismissed without prejudice.

Rule 8 of the Federal Rules of Civil Procedure requires, among other things, that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Complaints that violate Rule 8(a)(2) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four types

---

[1] After the Kellys filed this action, the Court ordered that "[a]s a consequence of Gregory Kelly's vexatious filing of shotgun and frivolous pleadings, and now by and through his wife, Annette B. Kelly, in the event Gregory Kelly or anyone acting in concert with him, including Annette B. Kelly, files a shotgun or facially frivolous complaint in the future, after appropriate review, the Court will summarily dismiss the pleading and the action without prior notice." (Doc. 23 at 3 in *Kelly et al. v. Ala. State Port Auth. et al.*, 2:25-cv-825-RAH-JTA (M.D. Ala. Dec. 15, 2025)).

2

of shotgun pleadings, and "[t]he most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321.  The second type is a complaint which is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.  The third type fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23.  The fourth and final type of shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

    The Kellys' complaint (doc. 1) is unquestionably a shotgun pleading because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *See id.*  It is difficult, if not impossible, to discern what alleged conduct is attributable to which Defendant.  Most, if not all, of the Kellys' allegations make no distinction among numerous named Defendants, even though it is apparent that "all of the defendants could not have participated in every act complained of." *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  Thus, the complaint is a shotgun pleading because it "fail[s] to give any defendant fair notice of

3

the allegations against it." *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020). Consequently, this case is due to be dismissed without prejudice. Further, the Court declines to grant the Kellys an opportunity to amend their complaint given their repeated failures in multiple cases to cure their shotgun pleading deficiencies and because of the Kellys' lack of good faith in bringing these actions. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); (*see also generally* 2:25-cv-733-MHT-JTA, 2:25-cv-795-ECM-JTA, 2:25-cv-825-RAH-JTA, 2:25-cv-889-ECM-SMD (cases in which the Court determined that a complaint filed by the Kellys was a shotgun pleading)).

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. This case is DISMISSED without prejudice as a shotgun pleading;

2. The Magistrate Judge's Recommendation (doc. 7) is REJECTED as moot;

3. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED;

4. **As soon as practicable but no later than <u>March 4, 2026</u>, the Kellys shall pick up the service packets in this case from the Middle District of Alabama Clerk's Office, located at 1 Church Street, Montgomery, AL 36104.**

A separate Final Judgment will be entered.

DONE this 2nd day of February, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE